UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SINCLAIR FUNDING GROUP, INC.,

                Plaintiff,

          -against-

THE BENNETT LAW GROUP LLA; MERIT BENNETT PC; TINKLER & BENNETT; and MERIT BENNETT,

                Defendants.

24-CV-1835 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Merit Bennett, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the Supreme Court of the State of New York, Monroe County. (ECF No. 1.) For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, Monroe County.

### STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject

matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Merit Bennett, who is an attorney located in Santa Fe, New Mexico, filed this notice of removal on behalf of himself and the Bennett Law Group LLC. Plaintiff Sinclair Funding Group, Inc., is a business located in Brooklyn (Kings County), New York. Defendant asserts that the district court has diversity of citizenship jurisdiction of this matter because there is complete diversity between the parties, and without admitting to any of the allegations, Defendant submits that the damages exceed $75,000. (ECF No. 1 at ¶¶ 3, 8.)

## DISCUSSION

Removal of this case is improper. Under 28 U.S.C. § 1441(a), removal of a state court action must be "to the district court of the United States for the district and division embracing the place where such action is pending." Removal of a foreclosure action from the Supreme Court of the State of New York, Monroe County, to the Southern District of New York is therefore improper because Monroe County is located in the Western District of New York. *See* 28 U.S.C. § 112(d).

For this reason, the Court concludes that this case may not be removed. Thus, the action is remanded to the Supreme Court of the State of New York, Monroe County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, Monroe County.

The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated:   March 11, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                          Chief United States District Judge